UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

DAVID MARTIN MCROBERTS,

        Plaintiff,

v.                                                              CIVIL ACTION 2:16-cv-09789

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

        Defendant.

PROPOSED FINDINGS AND RECOMMENDATION

Pending before this Court is a complaint filed on October 17, 2016, by David Martin McRoberts, Claimant (ECF No. 2). On March 17, 2017, Defendant filed an Answer to the Complaint (ECF No. 7). Claimant did not file a Motion in Support of Judgement on the Pleadings and Defendant did not file a Brief in Support of the Defendant's Decision; therefore, the Proposed Findings and Recommendation will be made on the merits of the case.

On May 24, 2013, Claimant filed a Title II application for disability and disability insurance benefits (DIB) alleging disability beginning February 2, 2012.[1] The claim was denied initially on July 26, 2013, and again upon reconsideration on November 19, 2013. On January 7, 2014, Claimant filed a written request for a hearing before an Administrative Law Judge (ALJ).

On May 19, 2015, an ALJ held a video hearing. Claimant appeared in Logan, West Virginia and the ALJ presided over the hearing from Charleston, West Virginia. On June 26, 2015, the ALJ denied Claimant's application for disability (Tr. at 14-25). On approximately August 24, 2015, Claimant filed a request for review by the Appeals Council (AC) (Tr. at 9-10). On

---

[1] At the hearing, Claimant amended his alleged onset date to April 1, 2013.

September 22, 2016, the AC denied Claimant's request for review (Tr. at 1-5).  On October 17,

2016, Claimant filed a complaint before the District Court.

Standard of Review

Under 42 U.S.C. § 423(d)(5), a claimant for disability has the burden of proving a

disability.  *See Blalock v. Richardson*, 483 F.2d 773, 774 (4th Cir. 1972).  A disability is defined

as the "inability to engage in any substantial gainful activity by reason of any medically

determinable impairment which can be expected to last for a continuous period of not less than 12

months . . . ."  42 U.S.C. § 423(d)(1)(A).

The Social Security Regulations establish a "sequential evaluation" for the adjudication of

disability claims.  20 C.F.R. § 404.1520 (2016).  If an individual is found "not disabled" at any

step, further inquiry is unnecessary.  *Id.* § 404.1520(a).  The first inquiry under the sequence is

whether a claimant is currently engaged in substantial gainful employment.  *Id.* § 404.1520(b).  If

the claimant is not, the second inquiry is whether claimant suffers from a severe impairment.  *Id.*

§ 404.1520(c).  If a severe impairment is present, the third inquiry is whether such impairment

meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative

Regulations No. 4.  *Id.* § 404.1520(d).  If it does, the claimant is found disabled and awarded

benefits.  *Id.*  If it does not, the fourth inquiry is whether the claimant's impairments prevent the

performance of past relevant work.  *Id.* § 404.1520(e).  By satisfying inquiry four, the claimant

establishes a *prima facie* case of disability.  *Hall v. Harris,* 658 F.2d 260, 264 (4th Cir. 1981).  The

burden then shifts to the Commissioner, *McLain v. Schweiker*, 715 F.2d 866, 868-69 (4th Cir.

1983), and leads to the fifth and final inquiry: whether the claimant is able to perform other forms

of substantial gainful activity, considering claimant's remaining physical and mental capacities and

claimant's age, education and prior work experience.  20 C.F.R. § 404.1520(f) (2016).  The

Commissioner must show two things: (1) that the claimant, considering claimant's age, education, work experience, skills and physical shortcomings, has the capacity to perform an alternative job, and (2) that this specific job exists in the national economy. *McLamore v. Weinberger*, 538 F.2d 572, 574 (4th Cir. 1976).

In this particular case, the ALJ determined that Claimant satisfied the first inquiry because he has not engaged in substantial gainful activity since the alleged onset date of April 1, 2013, and meets the insured status requirements through March 31, 2018 (Tr. at 16).   Under the second inquiry, the ALJ found that Claimant suffers from the severe impairments of: degenerative joint disease with avascular necrosis in the left hip, status post total replacement; torn meniscus of the left knee; obesity; status post cerebrovascular accident; cognitive disorder; status post testicular cancer with metastases and radiation-induced cerebral vasculopathy; and hearing loss. (*Id.*)  At the third inquiry, the ALJ concluded that Claimant did not have an impairment or combination of impairments that met or medically equaled the level of severity of any listing in Appendix 1 (Tr. at 18).   The ALJ then found that Claimant has a residual functional capacity to perform work at the sedentary exertional level except he should never climb ladders, ropes and scaffolds, but can occasionally climb ramps and stairs.  Claimant can occasionally balance, stoop, kneel, crouch and crawl.  He can have no exposure to unprotected heights or loud, industrial-type background noise. Claimant can perform basic two-to-three step tasks only (Tr. at 20).   The ALJ held that Claimant is unable to perform any past relevant work (Tr. at 24).  The ALJ held that Claimant could perform the requirements of representative occupations such as assembler, surveillance system monitor and sorter/inspector (Tr. at 25). On this basis, benefits were denied. (*Id.*)

<u>Scope of Review</u>

The sole issue before this court is whether the final decision of the Commissioner denying

the claim is supported by substantial evidence.  In *Blalock v. Richardson*, substantial evidence was defined as:

> Evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

*Blalock v. Richardson*, 483 F.2d 773, 776 (4th Cir. 1972) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). Additionally, the Commissioner, not the court, is charged with resolving conflicts in the evidence.  *Hays v. Sullivan,* 907 F.2d 1453, 1456 (4th Cir. 1990).  Nevertheless, the courts "must not abdicate their traditional functions; they cannot escape their duty to scrutinize the record as a whole to determine whether the conclusions reached are rational."  *Oppenheim v. Finch*, 495 F.2d 396, 397 (4th Cir. 1974).

A careful review of the record reveals the decision of the Commissioner in this case is not supported by substantial evidence.

### Claimant's Background

Claimant was born on July 16, 1967 (Tr. at 39).  Claimant lives with his parents in Peach Creek, West Virginia (Tr. at 38).  He graduated from high school and took two years of college courses in business and computer programming (Tr. at 39).

### Medical Record

The court has reviewed all evidence of record, including the medical evidence of record, and will discuss it further below as necessary.

### Claimant's Challenges to the Commissioner's Decision

Claimant did not file a Motion in Support of Judgement on the Pleadings and Defendant did not file a Brief in Support of the Defendant's Decision in this matter to this Court.

Step Three of Sequential Evaluation

The ALJ found that Claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments (Tr. at 25). The ALJ's step three discussion includes the following:

> The claimant's history of cancer is evaluated under Section 13.00 of the listings, specifically 13.25 for testicular cancer, 13.14 for lung cancer and 13.13 for brain cancer. However, the claimant meets the requirements of none of these listings. His cancer was successfully treated and he has been in remission for 14 years. (Exhibits 3F and 11F) (Tr. at 18).

It is not the role of the Court to search for evidence and articulate for the ALJ's decision which the ALJ himself did not articulate. *See Rhinehardt v. Colvin*, No. 4:12-CV-101-D, 2013 U.S. Dist. LEXIS 75948, 2013 WL 2382303, *2 (E.D.N.C. May 30, 2013) (citation omitted) ("If the ALJ fails to explain why an impairment does not meet the listing criteria, the decision is deficient."); *Tanner v. Astrue*, C/A No. 2:10-1750-JFA, 2011 U.S. Dist. LEXIS 105731, 2011 WL 4368547, *4 (D.S.C. Sept. 19, 2011) (stating "if the ALJ did not rationally articulate grounds for her decision, this court is not authorized to plumb the record to determine reasons not furnished by the ALJ"). In *Radford v. Colvin*, 734 F.3d 288 (4th Cir. 2013), the Fourth Circuit stated that a necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling. "If the reviewing court has no way of evaluating the basis for the ALJ's decision, then 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Id.* (quoting *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744, 105 S. Ct. 1598, 84 L. Ed 2d 643 (1985)).

The Fourth Circuit has held:

> We cannot determine if findings are unsupported by substantial evidence unless the Secretary explicitly indicates the weight given to all of the relevant evidence." See, e.g., *Myers v. Califano*, 611 F.2d 980, 983 (4th Cir.1980); *Stawls v. Califano*, 596 F.2d 1209, 1213 (4th Cir.1979); *Arnold v. Secretary*, 567 F.2d 258, 259 (4th Cir.1977). As we said in *Arnold*:
>
> > The courts ... face a difficult task in applying the substantial evidence test when the Secretary has not considered all relevant evidence. Unless the Secretary has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the court's "duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." 567 F.2d at 259.

<u>Discussion</u>

The relevant disability listings in question require the following criteria to demonstrate a claimant's eligibility. Listing 13.13 pertains to the nervous system. This listing requires an aggressive or advanced form of cancer that has:

- already spread; and
- returned following initial treatment.

Listing 13.14 regarding lung cancer requires:

A. Non-small-cell carcinoma--inoperable, unresectable, recurrent, or metastatic disease to or beyond the hilar nodes; or

B. Small-cell (oat cell) carcinoma; or

C. Carcinoma of the superior sulcus (including Pancoast tumors) with multimodal antineoplastic therapy. Consider under a disability until at least 18 months from the date of diagnosis. Thereafter, evaluate any residual impairment(s) under the criteria for the affected body system.

Listing 13.25 pertains to testicular cancer with a tumor metastatic disease or recurrent

following initial chemotherapy.

The ALJ states the following in her discussion outside of the step three evaluation:

> The record reveals a history of testicular cancer in 1998, which metastasized to the claimant's lungs and brain. He was treated with radiation and his cancer went into remission. However, his treatment resulted in radiation-induced vasculopathy which, in turn, caused a cerebrovascular accident in 2009. He has experienced cognitive difficulties since that time, as well as hearing loss and balance disturbances (Tr. at 17).
>
> \*\*\*
>
> The Claimant testified he was diagnosed with testicular cancer in 1998, which subsequently metastasized to his brain and lungs and was treated with radiation therapy. He indicated his cancer went into remission, he returned to work a year later and worked until he suffered a stroke in 2009 (Tr. at 21).
>
> \*\*\*
>
> Medical records confirm the claimant's description of cancer and subsequent stroke in 1998 and 2009, respectively. By August 2009, the claimant's cancer remained in remission and vascular surgeon Nepal Chowdhury, M.D., noted complete recovery from his previous mini-stroke. (*Id.*)

Even considering the ALJ's statements outside of step three, without a discussion about the listing criteria and how those requirements apply to the ALJ's findings, the analysis is incomplete and precludes meaningful review. The ALJ's step three evaluation was inadequate. The ALJ did not discuss the criteria required to meet Listings 13.13, 13.14 and 13.25. Therefore, the ALJ's determination that Claimant did not meet the listing requirements for brain cancer, lung cancer and/or testicular cancer was not supported by substantial evidence. The ALJ's opinion failed to apply the requirements of the listings to the medical record. Furthermore, the ALJ did not explain how the effects of therapy are considered under Listings 13.13, 13.14 and 13.25 and what evidence is needed to demonstrate remission.

This Court makes no recommendation as to Claimant's remaining arguments. These issues may be addressed on remand.

Conclusion

For the reasons set forth above, it is hereby respectfully **RECOMMENDED** that the presiding District Judge **REMAND** the final decision of the Commissioner for further consideration under sentence four  of 42 U.S.C. § 405(g) and **DISMISS** this matter from the Court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED** and a copy will be submitted to District Judge John T. Copenhaver, Jr.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (mailing/service) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).  Copies of such objections shall be served on opposing parties, Judge Copenhaver and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to transmit a copy of the same to counsel of record.

Enter:  February 28, 2018

Dwane L. Tinsley
United States Magistrate Judge