UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

DAVID MCROBERTS,

            Plaintiff,

v.                                  Civil Action No. 2:16-cv-09789

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

            Defendant.

<u>MEMORANDUM OPINION AND ORDER</u>

Pending are the objections to the magistrate judge's

Proposed Findings and Recommendation ("PF&R"), filed by

defendant Nancy A. Berryhill (the "Commissioner") on March 13,

2018.


I. Procedural History


The plaintiff, David McRoberts ("Claimant"), initiated

this action in this court on October 17, 2016, pursuant to 42

U.S.C. § 405(g) (2016).  Claimant seeks review of the

Commissioner's final decision denying his application for

disability insurance benefits.

In accordance with 28 U.S.C. § 613(b)(1)(B) and the

standing order in this district, this action was referred to

United States Magistrate Judge Dwane L. Tinsley for findings of

fact and recommendations for disposition.  On March 17, 2017,

the Commissioner filed an answer to Claimant's complaint.

Because neither party moved for judgment, the

magistrate judge, on February 28, 2018, submitted his PF&R "on

the merits of the case."  (PF&R 1.)  The magistrate judge found

that "[t]he [administrative law judge's ("ALJ")] step three

evaluation was inadequate."  (Id. 7.)  Step three, which is part

of a mandatory five-step analysis conducted by the Commissioner,

involves comparing a claimant's impairments to listed

impairments in the social security regulations. See 20 C.F.R. §

404.1520(a)(4)(iii) (2017).  The magistrate judge reasoned that

"[e]ven considering the ALJ's statements outside of step three,

without a discussion about the . . . criteria [of Listings

13.13, 13.14, and 13.25] and how those requirements apply to the

ALJ's findings, the analysis is incomplete and precludes

meaningful review."  (PF&R 7.)  Thus, the magistrate judge

recommends that the court

> remand the final decision of the Commissioner for
> further consideration under sentence four of 42 U.S.C.
> § 405(g) and dismiss this matter from the Court's
> docket.

(Id. 8 (emphases omitted).)

On March 13, 2018, the Commissioner filed objections

to the PF&R.  The Commissioner contends that "the unique

circumstances in this case do not render the ALJ's step three

decision regarding Listings 13.13, 13.14, and 13.25 beyond meaningful judicial review." (Obj. 3.) Claimant did not respond.

## II. Standard of Review

The court reviews de novo those portions of the magistrate judge's PF&R to which objections are timely filed. 28 U.S.C. § 636(b)(1)(B); see Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). On the other hand, the standard for review of the Commissioner's decision is rather deferential to the Commissioner, for "a reviewing court must 'uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence.'" Brown v. Comm'r Soc. Sec. Admin., 873 F.3d 251, 267 (4th Cir. 2017) (quoting Preston v. Heckler, 769 F.2d 988, 990 (4th Cir. 1985)); Oppenheim v. Finch, 495 F.2d 396, 397 (4th Cir. 1974) (court must scrutinize the record as a whole to determine whether the conclusions reached are supported by substantial evidence); see also 42 U.S.C. § 405(g). Substantial evidence is that which "a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal citations omitted); accord Brown, 873 F.3d at 267.

"In reviewing for substantial evidence, [a district court does] not undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ."  Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam).  Substantial evidence is by definition more than "a mere scintilla," Smith v. Chater, 99 F.3d 635, 638 (4th Cir. 1996), but "may be somewhat less than a preponderance," Blalock v. Richardson, 483 F.2d 773, 776 (4th Cir. 1972) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1996)).

## III. Discussion

20 C.F.R. § 404.1520(a)(4) sets forth "[t]he five-step sequential evaluation process" to be applied by the Commissioner when evaluating an application for disability.  The United States Court of Appeals for the Fourth Circuit summarizes the five steps as follows:

> [t]he Commissioner asks whether the claimant: (1) worked during the purported period of disability; (2) has an impairment that is appropriately severe and meets the duration requirement; (3) has an impairment that meets or equals the requirements of a "listed" impairment and meets the duration requirement; (4) can return to her past relevant work; and (5) if not, can perform any other work in the national economy. Hancock v. Astrue, 667 F.3d 470, 472–73 (4th Cir. 2012).  The claimant has the burden of production and proof at Steps 1–4.  Id.

Radford v. Colvin, 734 F.3d 288, 290-91 (4th Cir. 2013) (full
citation added).  Step three is at issue here.

At "step three, the ALJ decides whether the claimant
has an impairment that meets or equals an impairment listed in
the regulations for being severe enough to preclude a person
from doing any gainful activity."  Brown, 873 F.3d at 254.  The
listings of specific impairments are found in Appendix 1 to
Subpart P of the regulations.  See 20 C.F.R. §
404.1520(a)(4)(iii).  To meet a listing, a claimant "must meet
all of the specified medical criteria.  An impairment that
manifests only some of those criteria, no matter how severely,
does not qualify."  Sullivan v. Zebley, 493 U.S. 521, 530
(1990).  To equal a listing, a claimant "must present medical
findings equal in severity to all the criteria for the one most
similar listed impairment."  Id. at 531.  A claimant who meets
or equals a step three listing is conclusively disabled.  20
C.F.R. § 404.1520(a)(4)(iii); accord Radford, 734 F.3d at 291
(citing Bowen v. City of New York, 476 U.S. 467, 471 (1986), and
McNunis v. Califano, 605 F.2d 743, 744 (4th Cir. 1979)).

The entirety of the ALJ's step three analysis of
Listings 13.13, 13.14, and 13.25 is as follows:

[Claimant's] history of cancer is evaluated under
Section 13.00 of the listings, specifically 13.25 for
testicular cancer, 13.14 for lung cancer, and 13.13
for brain cancer.  However, [Claimant] meets the
requirements of none of these listings.  His cancer
was successfully treated and he has been in remission
for 14 years (Exhibits 3F and 11F).

(Tr. 18.)  Furthermore, as noted by the magistrate judge, the

ALJ recited the following elsewhere in his decision:

The record reveals a history of testicular cancer in
1998, which metastasized to [Claimant's] lungs and
brain.  He was treated with radiation and his cancer
went into remission.  However, his treatment resulted
in radiation-induced vasculopathy which, in turn,
caused a cerebrovascular accident in 2009.  He has
experienced cognitive difficulties since that time, as
well as hearing loss and balance disturbances.  (Id.
17.)

. . .

[Claimant] testified he was diagnosed with testicular
cancer in 1998, which subsequently metastasized to his
brain and lungs and was treated with radiation
therapy.  He indicated his cancer went into remission,
he returned to work a year later and worked until he
suffered a stroke in 2009.  (Id. 21.)

. . .

Medical records confirm [Claimant's] description of
cancer and subsequent stroke in 1998 and 2009,
respectively.  By August 2009, [Claimant's] cancer
remained in remission and vascular surgeon Nepal
Chowdhury, M.D., noted complete recovery from his
previous mini-stroke.  (Id.)

(PF&R 7.)

The magistrate judge found this analysis insufficient

because it "failed to apply the requirements of the listings to

the medical record" and "did not explain how the effects of

6

therapy are considered under Listings 13.13, 13.14 and 13.25 and

what evidence is needed to demonstrate remission."  (PF&R 7.)

The magistrate judge relied upon the Fourth Circuit's opinion in

Radford, which he interpreted as "stat[ing] that a necessary

predicate to engaging in substantial evidence review is a record

of the basis for the ALJ's ruling."  (Id. 5 (citing Radford, 734

F.3d 288).)  Thus, the magistrate judge recommends that the

court remand this case to the ALJ for further consideration.

(Id. 8.)

The Commissioner disagrees that the three listings

require further analysis.  (See Obj. 3-4.)  The Commissioner

notes "that the ALJ observed [Claimant] was in remission and

could not satisfy any of the cancer-related Listings."  (Id. 4.)

As a result, according to the Commissioner, the ALJ's step three

analysis permits meaningful judicial review.  (Id. 3.)  While

Claimant did not respond to the Commissioner's objections, in

his only filing in support of his claim - the complaint -

Claimant only tangentially mentioned his history of cancer; that

is, in his claim of mental limitations, he noted that his "test

results demonstrated a decline in [his] premorbid functioning

with symptoms of a cognitive disorder that were likely the

result of a 2009 stroke experienced by [him] following

chemotherapy treatments for metastatic cancer."  (Compl. ¶ 6.2.)

The court recently confronted similar arguments in Turley v. Berryhill, No. 2:17-cv-01915, 2018 U.S. Dist. LEXIS 42818 (S.D. W. Va. Mar. 14, 2018). In that case, the court concluded "that an in-depth step three analysis is unnecessary in some instances, particularly when there is not ample evidence supporting a step three listing." Id. at *7-8 (citing, inter alia, Radford, 734 F.3d at 296, and Ezzell v. Berryhill, 688 F. App'x 199, 200 (4th Cir. 2017)). Consequently, the court proceeded under the following analysis, and under which the court likewise proceeds here:

> The court will examine the ALJ's decision in this case and determine whether the explanations and discussion necessary to support the pertinent listing requirements are contained within the ALJ's decision itself. If the court need not look beyond the ALJ's opinion to find substantial evidence supporting the ALJ's step-three determination, the ALJ's decision may be affirmed.

Id. at *9 (citing Marcum v. Berryhill, No. 16-2297, 2017 U.S. Dist. LEXIS 42018, at *9-10 (S.D. W. Va. Mar. 23, 2017)). After review of the ALJ's decision, the court finds that the ALJ's development of the record and analysis supports his step three determination that Claimant does not meet or equal Listings 13.13, 13.14 or 13.25.

Listing 13.00 pertains to cancer. See 20 C.F.R. Pt. 404, Subpt. P, App'x 1, § 13.00. This listing specifies the

8

duration for which a cancer could be considered disabling at

step three:

> 1.  In some listings, we specify that we will consider
> your impairment to be disabling until a particular
> point in time (for example, until at least 12 months
> from the date of transplantation).  We may consider
> your impairment to be disabling beyond this point when
> the medical and other evidence justifies it.
>
> 2.  When a listing does not contain such a
> specification, we will consider an impairment(s) that
> meets or medically equals a listing in this body
> system to be disabling until at least 3 years after
> onset of complete remission.  When the impairment(s)
> has been in complete remission for at least 3 years,
> that is, the original tumor or a recurrence (or
> relapse) and any metastases have not been evident for
> at least 3 years, the impairment(s) will no longer
> meet or medically equal the criteria of a listing in
> this body system.

Id. § 13.00(H)(1)-(2).  Under Listings 13.13, 13.14, and 13.25,

only a subset of lung cancers under Listing 13.14 has a

specified disabling duration: "until at least 18 months from the

date of diagnosis."  Id. § 13.14(C).  The remainder fall under

the general duration of "until at least 3 years after onset of

complete remission."  Id. § 13.00(H)(2).

In step three of the analysis, the ALJ observed that

"[Claimant's] cancer was successfully treated and he has been in

remission for 14 years (Exhibits 3F and 11F)."  (Tr. 18.)  With

the ALJ's decision issued in 2015, the court can deduce that

Claimant achieved remission in 2001.  Consequently, Claimant,

whose alleged onset date is April 1, 2013, (id. 14),

unquestionably falls outside the relevant disabling periods.

The court thus finds that the ALJ's determination that Claimant

does not meet Listings 13.13, 13.14, and 13.25 is supported by

substantial evidence, and the court does not adopt the

magistrate judge's recommendations.

Of additional note here is the magistrate judge's

contention that the ALJ failed to "explain how the effects of

therapy are considered under Listings 13.13, 13.14 and 13.25."

(PF&R 7.)  The magistrate judge is presumably referencing the

fact that Claimant's initial radiation treatment "resulted in

radiation-induced vasculopathy which, in turn, caused a

cerebrovascular accident in 2009."  (Tr. 16-17.)  When

anticancer therapy is effective, which it was in this instance,

"[w]e evaluate any post-therapeutic residual impairment(s) not

included in these listings under the criteria for the affected

body system."  20 C.F.R. Pt. 404, Subpt. P, App'x 1, §

13.00(G)(4).  Thus, any lasting effects resulting from

Claimant's anticancer treatment are evaluated under separate

listings and do not influence the analysis under Listings 13.13,

13.14, and 13.25.

## IV. Conclusion

Accordingly, having received the PF&R, the Commissioner's objections and having reviewed the record de novo, it is ORDERED that:

1. The decision of the ALJ be, and hereby is, affirmed; and

2. This action be, and hereby is, dismissed and stricken from the docket of the court.

The Clerk is directed to forward copies of this memorandum opinion and order to all counsel of record, to any unrepresented parties, and to the magistrate judge.

ENTER: March 29, 2018

John T. Copenhaver, Jr.
United States District Judge